Today that's Abbo-Bradley versus the city of Niagara Falls. All right, Mr. Fleming, you've got ten minutes, but you've reserved two minutes for rebuttal, so that gives you eight minutes out of the gate. You may proceed. Thank you, Your Honors. May it please the Court, my name is Douglas Fleming for the Defendant Appellants. The Court should uphold removal here because the defendants timely removed after plaintiffs significantly transformed this litigation with new allegations that independently, in and of themselves, establish both federal question and federal officer jurisdiction. Those new allegations seek to impose liability for remediation conduct directed by EPA pursuant to consent decrees under CERCLA. Do they establish federal jurisdiction in a way that's different from the initial complaint or the initial claim? Your Honor, no, I don't believe it does. However, we don't think that's the proper analysis. All right, but you can see that this is an assertion of federal jurisdiction that could have been made before because the facts were there and they would have supported this theory. The same theory is applied. Your Honor, in two respects. One, it was asserted before. The defendants asserted federal question jurisdiction. Federal question. I'm sorry. Correct. I'm sorry, Your Honor. I didn't mean to suggest anything to the contrary. But federal question jurisdiction. Now, when we asserted it, the district court rejected it. Subsequently in Bartlett in 2018, this court adopted the very theory that we asserted. So, you know, we think it would be a peculiar reading to fault defendants for asserting a perfectly viable theory of removal. But of course, you know, if we had decided Bartlett even before you made your first notice of removal, if the district court just decided to ignore Bartlett and remand, that order to remand would not be appealable, right? You actually still couldn't come to this court to get it fixed. So, like, there are these anomalies in this context anyway. That's absolutely correct, Your Honor. And the key thing here is that when plaintiffs voluntarily amended their complaint in 2020 to assert new allegations, the defendants reacquired their right to remove. If you focus on the wording, the text of B3, you know, the question, you get the additional time if the case stated by the additional pleading is not removable. And do you meet that requirement? Absolutely, Your Honor. When there's a prior remand decision, that remand decision conclusively establishes under the Tenth Circuit decision on O'Brien that the action is not subject to federal matter jurisdiction, subject matter jurisdiction under any theory, whether asserted- But you could have asserted federal officer jurisdiction back then, and you did not. I mean, and so why doesn't that kick in with respect to this language? I think because of the operation of the remand order. The remand order is conclusive, and as Your Honor pointed out- But you didn't raise the point back then. So it would be hard to say that the remand order lost you your right when you didn't raise- I mean, it's possible that if you had argued federal officer jurisdiction back then, maybe the district court would have come out the other way. The remand decision had the effect of making it conclusive. And I mean, under the Federal Circuit- What is the authority for that? Why is that the case, that the remand is conclusive? The Tenth Circuit under O'Brien, Your Honor, says an initial remand decision is conclusive on the removability of the initial pleading, both as to the matters that were adjudged- Does that case involve a basis for removal that wasn't raised? No, it involved federal officer removal that was asserted twice. Right, but in other words, it's a little bit different from our situation because here, federal officer jurisdiction was not alleged. It could have been alleged, but wasn't. So doesn't that make this case a little bit different than the Tenth Circuit case? We don't think it's a meaningful difference, Your Honor, but I agree that it is a difference. The Federal Circuit in the Vermont case also made clear that on a successive removal, we do not even consider whether the action was removable under the original complaint, since a remand order to state court is immune from review. Rather, on a successive removal, the court's left to decide if the previously non-removable action became removable under Section 1446. But isn't in the inquiry something new has to happen in between the first remand decision and the later one? And something very new did happen here. I mean, plaintiffs essentially transformed this case. But it's not new in the relevant sense, right? It's not like there was a ground for removal that wasn't available before, right? In the O'Brien case, Your Honor, there was a difference between the libel that was alleged, whether it was in a tan brief or a blue brief related to some litigation statements. If that was enough for a new allegation to give rise to jurisdiction, surely these allegations are enough. They change the entire conduct that they claim is causing their injuries. For years, they're ---- But you consented to that amendment, right? I don't think that's what ---- Or you could have required them to bring a new action. We consented ---- It might have been removable if they had brought it as a new action. We certainly ---- In fact, you would have been entitled to file a new notice of removal. We certainly did not think that it's material to the analysis. I haven't seen any authority to suggest that it is. The standard under the CPOR is very liberal when it comes to consenting to an amendment. If they transform the action such that you couldn't possibly have expected this to be the nature of the action, it does seem relevant that you consented to the transformation. You agreed to the amendment. We would disagree with that, Your Honor. By consenting to the amendment in state court, we in no way consented to state court jurisdiction. We in no way waived our right to seek removal. Federal officer removal is involved here, which is to be liberally construed, Your Honor. I mean, the Supreme Court has counseled against a grudging technical interpretation of federal officer removal both on ---- and the courts have held both on procedural and substantive grounds. Judge Friendly applied it on procedural grounds as far back as 1960. And again ---- Well, can I ask a slightly different question? So I take it that you say because of the law of the case, you couldn't assert federal question jurisdiction again in a subsequent notice of removal. Is that right? As to the initial pleading only, that's correct. Oh, but you think that there might be a different conclusion with respect to federal question jurisdiction on the subsequent pleading? Absolutely. On a successive removal, you look at the new allegations and look at whether or not those new allegations independently give rise ---- But if the district court had decided that the first one was not removable on the basis of federal question jurisdiction, what is different about the later? There are new allegations with different conduct, different circular sites, different circular consent decrees, new allegations that under the authority of the Tenth Circuit and the Fifth Circuit and SWS erectors, you're to look at those new allegations. The only thing that the initial remand order decided conclusively was the removability of that pleading, that set of facts. We have additional facts here. You could have removed on the basis of federal question jurisdiction for any one of the 17 additional cases that were filed all along? Well, again, we think that would be a technical reading.  For us to remove, if we're going right back to Judge Curtin, it was a related case at the time in 2013 and into 2014, to risk attorney's fees going back to the same judge who just decided that they were not subject to federal matter jurisdiction, we think would be a very, very technical reading. So then in your second notice of removal, why didn't you raise federal question if you're saying that the first one didn't control on that issue? We did raise federal question here, Your Honor. In addition to federal officer? Yes, we raised federal question on federal officer. And under Bartlett, it's clear. I mean, if the standard of the Tenth Circuit and the Fifth Circuit is correct, you look at the new allegations. Those new allegations line up completely with Bartlett. Again, can I just interrupt for a second? I mean, it seems to me what you're suggesting is that we look only at new facts. We don't look at theories. It's not a theory-based approach to removal, right? That's absolutely correct, Your Honor. Yes. All right. And so it seems like other courts have agreed. Other circuit courts have agreed. We haven't seen any circuit court to the contrary. But the language of the statute, 1446B3, does say that, you know, you've got 30 days after receipt of an amended pleading from which it may first be ascertained that the case is or has become removable. What does first do here, if you're correct, that it's only about new facts and not theories? I think in the face, if there was no removal at all, the court, and no prior remand decision, the court would look at whether the initial pleading was removable. You do the same here on a prior remand, but that question is answered. That question is answered conclusively by Judge Curtin. It has the effect of deciding that the initial pleading was not removable. So once you go with that construct, which again is well supported by the Tenth Circuit decision in O'Brien and the Federal Circuit in the Vermont case, once you go with that construct, that answers the question conclusively. Judge Curtin, we don't need to sit here and sort of guess at whether some alternative theory could have been asserted back then. We need to take for granted the district judge's decision on the initial removal. I'm sorry, I didn't hear you. We need to take for granted the district judge's decision on the initial removal. Do we have to take for granted his reasoning? No, Your Honor. I mean, again. So we have to decide that it's not, it was, the first complaint was not removable, but we don't have to agree with the reasons why? Your Honor, the initial pleading, it's dispositive, it's not subject to review. According to Judge Curtin, that decision has the effect of determining it's not removable, clearly. An amended pleading with new facts, you're free to analyze it in any way that you choose. The new facts, the old decision is not res judicata, it's in the new facts, or the legal theories. So, I mean, it would be I. So when it says first ascertained, you're sort of saying maybe it's the court of appeal, it's like us on appeal. We can first ascertain that it's removable based on, from looking at the new complaint because we weren't allowed to look at the first complaint? Your Honor, I think it's the effect of the decision by Judge Curtin in 2013 that makes it, I mean, it's very straightforward in our view, non-removable. It has the effect of deciding that that initial pleading was not removable. When you look at the new allegations, which we believe this court should do, the court is in no way bound by the reasoning of Judge Curtin. The only thing that this court, we believe, would be bound by is the determination that the initial pleading was not removable on any theory. We think the court should look at the 2018 decision in part let. But even though the logic of the second notice of removal is the same as the logic of the first notice of removal, you're saying we need to take for granted the fact of its non-removability without looking at the reasoning for it? The legal effect of it, Your Honor. Even if we think that if you're right on the second notice, it means you would have been right on the first one, and so it was ascertainable by you because you could make the same argument, you're saying that's not what the statute calls for. The statute calls for us not to look at the reason the first one was not removable. For the case law, it's very straightforward, Your Honor. It's simply, I mean, it's like res judicata. I mean, at the end of the day, as to that pleading, it conclusively establishes, has the effect of a decision, that the first pleading under those facts was not subject to removal under any theory, whether asserted or unasserted. Your position actually is that it was subject to removal, and in fact, it seems like members of our court would agree with you because in the Bartlett decision you suggested that a very similar complaint, a basically identical complaint, was removable. And so what if we think that the first complaint was removable, this report was wrong, but that's not a reviewable decision? Right, and you don't need to review that first decision on the initial pleading. The only thing you need to do is look at the new facts and apply the reasoning here. Why wouldn't I say, but the statute says that the new pleading has to be the first time it's ascertainable that it's removable, and I can ascertain from the first pleading that it was removable. Why isn't that dispositive? Your Honor, again, it's the effect of that decision on the initial pleading. The effect of that decision is that that pleading was not removable on any theory. I mean, the Federal Circuit in the Vermont case, they say... So when it says first ascertained, who is it talking about? It can't be talking about the district court, right, because the district court was evaluating both complaints. It's not talking about you as the party removing because you thought it was removable in the first place. You came up with the argument in the first place. It can't be talking about us because we are not bound by the reasoning of the district court, right? We can apply a different theory. So on your theory, the first ascertained doesn't make any sense, does it? It only makes sense if there's some new theory. I don't think so. And again, I mean, the Fifth Circuit and the Tenth Circuit both make very clear that you don't look at the theories. You look at the factual allegations. So there's no barring successive removal from asserting the same theory. But the remand order decided that the action was not removable. I mean, that's the effect of it under the case law, both circuit court decisions. When does it first become removable after that? If plaintiffs had never voluntarily amended their complaints in 2020 to add significant new allegations, I tend to agree we'd probably be stuck and we would not be able to remove. But you definitely would be stuck, wouldn't you? Yes, I agree with that, Your Honor. If the only change in the amended complaint was that it changes the spelling of the name of one of the defendants, then you're out of luck, right? Absolutely. And there's line drawing, of course. Of course. But what you're saying, I think, you tell me if I've got this wrong, is that if there are new facts alleged that support a cause of action,  Absolutely, Your Honor. even if it's a theory that was available before. Absolutely, Your Honor. We believe that's correct. I mean, especially here when one of the theories that we're asserting, we did assert. The defendants did everything correctly. I think we all know that. Look, I think federal courts are conditioned to look for things like waiver. We are conditioned to look for things like, you know, on habeas we do this all the time. We do this race judicata. It's all about that. You snooze, you lose. You didn't make this argument, you're done. What I think you're saying is that this statute is not so strict, that this actually is the opposite. It's designed to encourage removability. Well, especially when a federal officer is involved, that's absolutely correct. I mean, the thumb is on the scale in favor of removability, and the right is absolute according to the Supreme Court. I believe that's absolutely correct here. And again, I mean, when you accept that that initial decision by Judge Curtin in 2013 was conclusive as to all theories, the analysis is not complicated. The action was not removable. It has that effect. And to think, you know, again. Well, I think that's the key, is it conclusive as to all theories, including theories that weren't raised. And we would suggest the court should agree with the Tenth Circuit on that? The Tenth Circuit is different because it did involve an unasserted claim. Well, Your Honor, let's say we had come back two weeks later and asserted a new theory on the complaint. There's no doubt our adversary would correctly say, no, that was decided. I mean, that's res judicata. Any theory that was asserted or could have been asserted. It doesn't mean that they would prevail on making that argument.  I mean, for any theory that was asserted. I don't know, I mean, why should it not make a difference that the federal officer theory could have been raised but wasn't? Why should that not matter? Because new allegations are asserted that independently. Particularly when the case has now been litigated in state court for, what is it, nine years? Well, that's an important point, Your Honor. Believe it or not, not much has happened in the litigation. And this case does not present any problem for removability. I mean, there's been very little. There's a motion to dismiss that happened. There's very, very limited plaintiff fact sheets. There's a split sampling injunction in appeal. And essentially the case has been dormant for several years. The Supreme Court justice who previously had the case has since retired. And, of course, the work that has been done would go up. And then most importantly, since they transformed the case, nothing has been done on those allegations. No judge has considered that. So that should not be an impediment, Your Honor, to removal. Can I ask why it matters, your argument that the first remand order is conclusive as to all grounds of removal? Because your argument is you can raise a ground that you raised before again, right? Right. So why would it matter whether the first remand order was based just on federal question or was also based on federal officer? Only to- You're saying that the game has changed based on the amendment anyway. Yeah. So if the first remand order was expressly based on federal question and federal officer, you would say you could still raise both grounds again? That's correct. And if the first remand order was not explicit on either of those grounds, you would say you could raise both grounds again, right? So what function does it serve to say that the first remand order was conclusive on all grounds? To respond to the questions and the point, that notwithstanding that we asserted a viable theory of removal, we don't think we need to assert two. We asserted a viable theory of removal to respond to the argument that, hey, you're asserting federal question now. You could have asserted it before to respond to that argument and point out that, listen, you don't need to analyze when you have a prior remand whether or not- But then doesn't it work against you to say that the first order was conclusive as to all grounds? Because if you're saying there's going to be an argument against you now on federal question because you've raised it before and the district court decided it before, your argument is the district court also decided federal officer before. Well, it had the effect to decide it. Candidly, Judge, I mean, of course, Judge Curtin's decision did not address the effect of- It didn't address it expressly, but you're saying district courts have the obligation to consider all grounds, and so we effectively did address it, right? The court does have the obligation- So if, in fact, his consideration of federal question before precludes the later federal question removal, then it would also, under your theory, preclude the later assertion of federal officer. But again, the key point is it's only dispositive as to that pleading and that set of facts. It is not dispositive as to new facts that are alleged. You have to look at the new facts only and then apply removal. Just to clarify this, you concede that the new facts don't make you a federal officer in a different way than the old facts would have, right? Probably not, Your Honor. I mean, at the end of the day, back in 2013, this court had not decided the Cuomo decision. But the principles could be applied, I agree, across the board to the various sites. But the new facts are going to make you a whole lot more liable in terms of dollars, right? We think so, Your Honor. Now, in contrast with the prior allegations, the initial site involved many different defendants. The three or four sites that they assert now, our client is the only defendant who has potential liability. So potential allocations differ substantially. The amount of discovery, the amount of expert costs is multiplied greatly. But the potential liability is increased as a result of these amendments. For our client, absolutely, Your Honor. Significantly so. Can I ask about the merits of the federal officer question? So the government sued you and you did the cleanup pursuant to a consent decree. So normally if I sue somebody and we settle and then they act pursuant to a consent decree, you wouldn't think that the opposing party is working at the behest or the direction of the entity that sued them. So why does that make you an officer of the federal government? Here, I think it's the operation of CERCLA when EPA takes over responsibility for a site. I mean, clearly here the defendants are assisting the federal government with a duty and a task that they would otherwise have. The city of Velsicol, a case that we cited, lays that principle out nicely. And it's also provided by multiple district court decisions. I mean, circuit court decisions, Your Honor, in Green in the 10th Circuit and 18-H Ship in the 9th Circuit. So even though you're being compelled by the government to do it, and then you have to do it pursuant to a consent decree, because CERCLA makes you responsible for things the government otherwise would be responsible for, you're saying you're serving a government function. That's the argument? The government becomes responsible for leading it here, the EPA, with respect to the CERCLA sites. And if the government had not contracted out for the defendant to do the work, it would have to find another method to do it. It would have to fund it. It would have to do it itself. It would have to hire other contractors. It's not contracting out. You're doing it pursuant to a consent decree, right? It's pursuant to a consent decree under CERCLA, where EPA has taken on the responsibility for the sites. Is that the same thing as being a contractor of the government? It's a contractor. Sure, it's a contractor of the government in this context, but a contractor that is assisting the government in performing tasks that the government otherwise would have to do. Okay. All right. Well, you've got a couple minutes for rebuttal. Thank you, Your Honor. We'll now hear from Mr. Siegel for ten minutes or more. We'll see. Thank you, Your Honor. May it please the Court. The focus on Section 1446B3 is exactly where the Court should be and exactly what disposes of the case very straightforwardly. With that in mind, can I ask this question? Yes. If you had amended and added a new defendant, that defendant certainly could have removed, right? It could have removed if the amendment had created a new basis for jurisdiction. Well, if you, well, I mean, if it's a new amendment who's liable under the same theories as against the original defendants, your view is that if the original defendants could have asserted removal under one of those theories and didn't, that the new defendants is just analog? No. I don't agree with that. So he would get to a move. A new defendant. A new defendant could assert a new basis that had not been asserted by the earlier removing defendant. Even if they could have, right? I believe that's correct. I believe that a. . . A ground by what the other. . . That's correct. Defendant A cannot waive a ground of removal that newly added defendant B wants to raise if it creates jurisdiction. So if then that's successful, then the other defendants are going to get to come along, right? That would be true. Yeah. So it seems that what you're saying is that, so you're conceding that for a new defendant, but new facts that are going to increase liability for the old defendants, your view is that they're out of luck if the new facts don't support a new theory. Well, I want to make it clear, Your Honor, that we do not at all agree with the idea that the new facts we alleged in the amended complaints increased the defendant's liability. I'll discuss that. They drastically decreased the defendant's potential liability. But in any event, that doesn't matter. The scope of the amount of the defendant's potential liability has nothing to do with whether a new fact has been asserted that changes the jurisdictional calculus or, in the words of 1446b-3, is one that now makes it first ascertainable that the case has become removable. If a new fact is alleged, if we found out something in discovery and alleged it, that it increased the defendant's liability from $100,000 to $10 million, that wouldn't matter at all to a jurisdictional calculus. Well, I mean, I guess that's the question before us. But, I mean, in a situation where the amended complaint alleges facts that increase the scope of liability, it increases its additional sites, right? It is additional sites. But, Your Honor, I want to be very clear that the number of plaintiffs alleged in the amended complaints in 2020 is drastically less than the number of plaintiffs that previously existed in the complaints that were filed in 2012, 13, and 14. The defendants admit that. No, I get that. But the liability now extends to additional locations. Because each plaintiff is saying, I'm injured. I'm injured because I have cancer. I'm injured because I have lymphoma. Whatever it is, I'm injured. I seek damages for my injury. In the first set of complaints, that plaintiff, each individual plaintiff, was saying, I'm injured. I've got cancer. I was exposed through the contamination at this site. Now, the same plaintiffs, although drastically fewer of them, are saying, I'm injured. I've got cancer. I was exposed at Sites 1, 2, 3, and 4 instead of just Site 1. That doesn't make the plaintiff's injury worth any more. If that plaintiff's injury, if the defendants want to try that case and the jury awards a hundred. It may not be worth any more, but if those plaintiffs made those additional claims in a new action, there's no question that they could remove, right? Correct. Yeah. It does seem like an oddity and a kind of happenstance about the way you're bringing the claims, whether there could be removal or not. I'm sorry, Your Honor. I mean, it's sort of the happenstance of filing it as an amendment or as a new action. One would be obviously removable, and you're saying the other one would not be. But why shouldn't we conclude that if the new claims would allow you to remove if it were a new action, we should allow you to remove as an amendment? Because it was done as an amendment, and as Your Honor said, those are the anomalies that govern removal and remand practice. And if these plaintiffs, for whatever reason, had said, you know, we're going to sue about the Love Canal site in the existing complaints, but we're going to file new complaints as to Sites 2, 3, and 4. Well, you're saying for whatever reason, but I suppose if the defendants didn't consent to the amendment, you would have had to do that, right? Absolutely. And they, of course, could have opposed it. And counsel says, well, the standard for leave to amend under CPLR is very liberal. That's not true. The standard for CPLR leave to amend is if there's prejudice or surprise. Amendments are denied in state – leave to amend is denied in state court every day. Believe me. I, you know, experience it regularly. Had there been amendment or surprise, or rather prejudice or surprise, of course defendants would have asserted it. And of course Judge Clark would have denied the amendments. But they negotiated back and forth. Do you agree on the separate question about this Bartlett case, that if we thought Bartlett was rightly decided, it means the district court was wrong in the initial removal decision? No, I don't. For one thing – Only you can reconcile the two cases? So how do you do that? I can reconcile them. And, of course, it's important at the outset to remember that Bartlett is a non-precedential case. Bartlett is not precedent. Yeah, I know. But we've said oftentimes that even though we say that some opinions are not precedental, we don't – it doesn't mean we're free to decide similar cases in different ways. And so would Bartlett have had to come out differently if the district court were right in the first removal decision? No. Then why not? This case is perfectly consonant with Bartlett because the thrust of Bartlett was the – and it's in the language of the opinion at multiple places. The plaintiffs complained about the terms of the consent decree itself, not the negligent – No, that's how the opinion characterizes it. But if you go back to the complaint in Bartlett, they are making very similar claims that are based on state law. They don't challenge the terms of the consent decree. It's similar to the argument the defendants here are making that these state law claims implicate the legitimacy of the consent decree. I disagree, Your Honor, respectfully. There may be an allegation like that – there may be some allegations like that in the Bartlett complaint. But the district court and this court read the allegations – the thrust of the allegations as challenging the terms of the consent decree. For instance, the allegation that Honeywell – that the testing obligations in the consent decree were not onerous enough or stringent enough, and that Honeywell should go above and beyond that and do more testing. We're not making any claims like that. We're saying we don't challenge the consent decree one iota as Judge Carton found, and with all respect, if there was a single – if the consent decree preempts all state law claims, wouldn't that preclude your claims? No, it doesn't. It doesn't. I mean, the consent decree doesn't preempt our claims. And, I mean, if that were true, then yes, but it's not true. The EPA consent decrees do not preempt plaintiffs' common law, state law, tort claims. That's a fundamental. And Judge Carton, who of all judges in the country, was uniquely equipped to detect – And the district court does prohibit any remedial action besides what's authorized in the consent decree, right? And we're not asking for that. We're not asking – I mean, that's what Judge Carton found. That's what – So what are you asking? And it's also – Are you asking for compliance with the consent decree? We're asking for non-negligent performance of the consent decree. That's as to Love Canal. And we're asking and we're saying that as to the other sites. You contaminated these sites. You caused our injuries. Pay us damages. Those claims are not preempted. But, I mean, doesn't this state suit have the potential to really interfere with the EPA's managing of this consent decree? It does not, Your Honor. Why not? Because that's the – You want non-negligent compliance with the consent decree. And that will be decided in the state court. And the EPA may or may not show up to determine that? Well, the EPA has not registered any opposition to our claims for nine years now. And that is the thrust of the Circlist Savings Clause. It preserves – Well, you know, in Bartlett we said – including whether Honeywell has complied with a consent decree approved by a federal district court and the circumstances under which Circlist might preempt the Tor claims raise disputed substantial federal issues, which are amenable to federal court resolution. So you've just said that you're claiming that they haven't non-negligently complied with the consent decree. So isn't that the same thing? You're raising this question of whether they have complied appropriately with the consent decree? That language from Bartlett – Well, yes. I mean, I concede that language from Bartlett. But the thrust – but the reason our case can coexist with Bartlett is that the thrust of the claims in Bartlett was not that. The thrust of the claims were you've got to go above and – the consent decree isn't adequate. We're not being adequately protected here. And Honeywell, you've got to do something about it. I should also say, Your Honor, I'm in sort of hovering – when we said that, that the reason why there's federal question jurisdiction is because it implicates the question of whether Honeywell has complied with the consent decree. I think that language – that is broad language that perhaps was loosely used and perhaps was the reason that the case is designated as non-precedential. But I think if you – and if you look at the allegations and compare them to our allegations, we are distinct from Honeywell – from Bartlett. Hovering behind all this, of course, is the fundamental idea that if we are preempted, if CERCLA preempts tort law claims, which we vigorously dispute, then the state court is free to say that. State courts, being of equal dignity, are presumed to adequately – correctly and fairly and adequately, properly apply federal law defenses. Well, that's true. But parties get to remove to federal court if they've got a grounds to be in federal court. If they do so on a timely basis, Your Honor. And one of the reasons we do that is because we generally want federal courts to be – we want people who are subjected to the dictates of federal officers and federal officers themselves to have their disputes aired in federal court, right? If they do so on a timely basis. Your point is even assuming there is federal officer jurisdiction here, they just didn't remove in time. Correct. And remember, federal officer jurisdiction exists to give federal officers the opportunity to present a federal law defense. That's why we have this mechanism for removal, is to present – is give them a federal court form to present a federal law defense. Here, the assertedly colorable federal law defense is circular preemption. They haven't lost that. Once this case goes back to state court, they will assert it. They can assert it. But is that an argument for any federal officer removal? Of course. You would never lose the defense in state court. But the whole purpose, like Congress gave federal officers the right to remove, is because they wanted those to be adjudicated in federal courts at the officer's option. Right. But it is also – but that fact, that background fact, is also why the Supreme Court has made it clear that while federal officer jurisdiction is to be construed broadly, it is not limitless. And that is the terminology of Watson. Watson, the unanimous Supreme Court decision from 2007 that said over Philip Morris' protestations, just like the protestations here, we're doing everything at the behest and under the supervision of the Federal Trade Commission. Here, it's we're doing everything at the behest and under the supervision of the EPA. Then the Supreme Court said, look, just because you're in a highly regulated industry or just because you acquiesce to a federal order does not mean that you are a federal officer in the dispositive jurisdictional sense. Well, so that's the merits of the question. That's not whether they have the right to remove. Right. I just didn't want to leave the merits unaddressed here. Right. But at this stage, we're just talking about whether there's a colorable defense, right? Well, that issue goes to whether they were acting under a federal officer. The Watson issue really goes to the more threshold question of whether Occidental can claim, you know, the federal officer protective umbrella to begin with. And we say they can't because all they – even if you say, look, everything we do is pursuant to the terms of a consent decree. And, of course, we dispute that vigorously as well. But even if you accept that premise, that is simply following a federal order. You polluted this – No, I get that. But this is going to – that's going to be argued whether it's in a state court or a federal court, right? Correct. But it's relevant here for the merits of federal officer – Whether they're a federal officer is not necessarily going to be argued. They'll raise the federal defense. I'm sorry? Whether they're a federal officer is not necessarily going to be argued. So if they lose here and it goes back to state court, they could raise their circular defenses and they'd be able to raise those – Correct. But maybe they'll raise it as a matter of – Federal officer or not, right? Maybe they'll raise it in causation terms. Maybe they'll say, look, we're handcuffed here. Everything we did, the EPA was breathing over our – you know, over our head. And – Well, the statute says that because the statute says that remedial efforts beyond what's required by the consent decree are not allowed. And so the question would be whether you're asking for that or not. Right. But that's not about whether they're a federal officer. That's about – That's correct. Circular preempts. Right. I guess since you were saying that they're not a federal officer, is it possible to resolve this case by saying, well, we don't really need to decide whether they had the right to remove the second time because they're not a federal officer anyway? And so, therefore, it should be remanded in any event, and that's how the case should be resolved. Right. If we think the district court was wrong about the, you know, the sequential nature of the notices, we would have to remand the district court to decide that first. What would we do? If you disposed of the timeliness issue against the plaintiffs – You're not saying that we avoid addressing the timeliness issue and go straight to the question of whether they're a federal officer. Is that a way to resolve the case, or is that – would that be improper? I think in the – I suppose in the first instance we would ask for a remand to the district court. There are a lot of factual issues, which did get into the briefing about the merits of federal officer jurisdiction. For instance, you know, it's another one of our contentions that all of the work is actually done under state supervision, not federal supervision. That was briefed, but it wasn't perhaps fully factually developed in front of the district court. Your Honor, I'm out of time, but to address Your Honor's question about timeliness, the example I'd like – I sort of come back to, the Second Circuit and many of the circuits in the asbestos litigation have upheld federal officer removal in cases where the Navy, you know, claims exposure to asbestos aboard ship to the defendant's asbestos – you know, defendant equipment that had asbestos in it. The equipment was manufactured at the instance of – to the Navy pursuant to Navy specifications with, you know, a direct contract between the defendant and the Navy. And those cases are regularly removed, and now the courts of appeals have pretty uniformly upheld removal on that basis. Suppose that was this case, and the plaintiff said, I am John Smith. I was exposed to asbestos in the engine room of the USS John Marshall. Plaintiff – defendant doesn't remove. Five years later, plaintiff says, I'm amending my complaint because I now remember that I was exposed to asbestos in the engine room of the USS John Marshall and the USS Ticonderoga. And both times, I was exposed to asbestos from defendant's equipment that they manufactured pursuant to their Navy contracts. They didn't remove the first time. Do they get to remove a second time? I don't think so, because nothing has changed. The liability – the plaintiff's damages haven't changed. The sites of exposure have changed. But has it made, in the words of 1446b3, has that amendment made the case newly removable? Has that amendment – is that amendment a piece of paper from which it may first be ascertained, in the language of the statute, that the case is now removable? No. The case could have been removed on federal office or jurisdiction the first time. It wasn't. The new site of exposure doesn't change a thing, and I think that's pretty established law. Well, it doesn't say has become newly removable. It says is or has become removable. Has become. Is or has become. Right? Yes, but a paper from which it may first be ascertained that the case is removable. Why do you need is and not just has become? Because the phrases work in tandem, and the first complaint was a complaint from which it might have been first ascertained that the case was removable. The second complaint is not that complaint. So it could have been removable all along. It's just that it has to be that whatever the amendment is is the first time you can tell that it's removable. Right. Some new fact that makes the case removable where it wasn't before. Right. So in your hypothetical, but there's litigation that goes on a long time, and then there's some minor amendment. If the minor amendment established complete diversity, like somebody remembered that they were living in a different state at the time, then it would be removable even though litigation had gone on for that long, and even though it was removable at the outset. It's just that the allegations did not reveal its removability. Right. If the plaintiff amends five years into the litigation to say, you know what? I'm not actually a citizen of the state of New York. I'm a citizen of the state of Florida, and the defendant is a New York defendant. Right. Now the case is newly removable. Now that's a paper making it newly ascertainable that the case is removable. But if the plaintiff says, you know, well, I'm a citizen of New York, and now I know that the defendant is headquartered in New York but incorporated in Delaware, that doesn't change removability. Can I ask a last question? I understand that you're saying that the Honeywell case is distinguishable, but let's say it's not. Let's say it really does conflict with what the district court decided here. Does that make a difference? No, it doesn't. So we think, based on our precedent, that is, you have another argument about the precedental status of it, but let's assume it's precedental. We have a precedent that clearly shows the district court was wrong in its first decision. Wouldn't it be odd not to review this decision now to correct the error? Well, Your Honor, you know, there is a body of case law involving cases in which there's a change in the law, and then the defendants were moved within 30 days of that new opinion coming out. That should be kept in mind, too. Bartlett came out in 2018. The defendants never— filed a notice of removal within 30 days of Bartlett coming out. They would have had an argument. I believe the cases are mixed on that score, and there's a question as to whether— Why, because the opinion would be another paper? A copy of an amended pleading motion order or other paper? Right. There's a lot of cases involving—you know, there was a series of cases involving tainted blood, you know, supplied by the Red Cross, and the question was whether the Red Cross could remove under a certain special statute, and the cases were kind of in flux, and finally the Third Circuit held the Red Cross can remove cases under this statute, which then engendered a new round of removals around the country. And I cannot honestly remember what the outcome of that was, but all of that could have happened in 2018 if they wanted to press that contention. They didn't. Okay. I guess—before you sit down, I'm sorry. But, I mean, the Tenth Circuit case, O'Brien, and the Fifth Circuit case, SWS Erectors, they would seem to support the argument of Mr. Fleming that we don't look at theories. We're just looking at facts. Do you think those are wrongly decided? No, no. Or do you think that they're distinguishable? They're just distinguishable. I mean, in O'Brien, the difference was that the new fact created a new round of removability that didn't previously exist. It had to do with whether—I think, oddly enough, the case turned on whether the libelous statement, supposedly by the federal judge, was made in a brief—or the statement that libeled the federal judge— was made in a brief or in a draft brief. And that, believe it or not, determined whether or not federal officer jurisdiction applied. That was the claim in the new amendment that changed from the old complaint. It did reframe the case because it all of a sudden put the case into federal officer terms where it had not been before. In SWS— What it says is the theory doesn't matter. I mean, isn't that what those cases say? That, in other words, whether the theory was propounded before or not, you're looking just at facts. You're not looking at the theory. No, I respectfully disagree, Your Honor, because— Here's the quote. The theory under which a defendant attempted removal does not directly impact its right to seek successive removals after remand, since excessive removal turns on the factual basis. Correct. And we don't dispute that. Had our amended complaint made the case removable on the same theory in some different way, in some new way that the case hadn't been removable before, that's why we exist happily with it. If you allege something new about their coordination with the government, then they would get to remove on the basis of federal officer because all of a sudden you're alleging something else that leads to a different argument about federal officer. Right. Or if you allege some violation of federal law that you hadn't alleged before, then they could remove again on the basis of federal question. Correct. You're just saying because there's nothing about the new allegations that actually leads to a different theory. Right. But the important thing is the facts that you're alleging. Correct. The new facts that we allege did not change the jurisdictional calculus. We concede that they could have removed again on the same grounds, on any ground, if the new facts changed the jurisdictional equation, but they didn't. And that is why we can coexist with O'Brien and with SWFs. Thank you. Okay, thank you. Okay, Mr. Fleming, you've got two minutes. Let's see how disciplined we are. Thank you, Your Honor. First, this case is on all fours with Bartlett. The federal interest here is very strong. I mean, if you look at their new allegations, one of their new allegations actually seeks to impose liability on Occidental for incinerating waste at a site that it's required by an EPA consent decree to incinerate waste at. I mean, it's on all fours with Bartlett. The federal interest is very strong. I should go back to SWS Erectors, which Your Honor asked about. That's a case that's, you know, very, very on point. The defendant there removed to the wrong district on diversity grounds. There was a minor embellishment on or amplification of the amount of controversy. The court decided, you can do it again. These are new facts that were alleged, and it supported removal based on diversity jurisdiction again. It didn't fault the defendant for removing to the wrong district. It could have done so under the theories that I think are being pressed by opposing counsel. O'Brien, I think that's reading way far into the case to say that it turned on the location of the libel and it gave grounds to, you know, something that didn't exist before. I mean, clearly, again, the same theory was asserted and accepted. Also in O'Brien, it's very interesting to note that the Tenth Circuit mentioned that, like here, the law did evolve a bit with federal officer removal becoming broadened, and it was able to consider that fact. As you should consider Bartlett here, it would be very odd not to apply Bartlett. Again, of course, it's a summary order. I think the precedent of this court is provided that when the facts are similar, unless there's a reason, you know, logically speaking or rationally speaking. You're admitting that if there wasn't an amendment or there wasn't a new filing, you wouldn't be able to apply it and you'd just be out of luck. So what function does it really serve? And to answer your question and to address something that's related to it, the other paper, that's not other paper. I mean, the overwhelming majority of the circuit courts. Right, so we would be stuck. We would be stuck if there weren't an amendment. The key thing here is when plaintiffs voluntarily amended, that's a new pleading. You look at the statute. The initial action was not removable. He cited an example of when a defendant didn't remove. We did remove here on a proper theory, right? So it was not removable. We look at the new pleading under the statute. That gives us a right to successive removal under 1446B3. It's meant to discourage pleaders from holding back on allegations that here, in particular, significantly transformed the case. I mean, there's no perverse incentive on the defense side, right? I mean, we would assert a viable theory of removal, and we did. But a contrary precedent would really allow a plaintiff to hold theories back, and we don't think that that would be good policy. I would add also on federal law officer removal, of course there are federal law officers. And Watson, a highly regulated industry, nobody's claiming the federal government has any duty to market cigarettes, right? Here, the EPA did undertake a duty and has a duty under CERCLA to remediate these sites. And here, Occidental is assisting with the EPA's obligations under CERCLA. And the fact that there's joint state, you know, regulation, that is commonplace under CERCLA. The Green case out of the Tenth Circuit is an example of such a case with joint responsibilities. EPA is the lead agency here, as we cited in our papers. Your Honor, we think it would be, especially when federal law officer removal is involved, a very, very technical reading to somehow require or I should say foreclose removal based on new allegations that unquestionably give rise to federal court jurisdiction under this court's precedent in Bartlett. And we think it should be applied. All right. Well, thank you both. We will reserve the decision of the well-argued. We have one other case that's on submission. We'll reserve on that as well. And so with that, let me thank the courtroom deputy and ask her to adjourn the court for the day. Thank you, Your Honor. Thank you. Court is adjourned.